**Gurley BROWN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16445.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1957.

Rehearing Denied Dec. 10, 1957.

John W. Muskoff, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

On a seven count indictment charging the appellant with conducting an unregistered lottery during April, May and June, 1954, and attempting to evade the wagering occupational tax and the excise tax on wagers,[1] the jury found him guilty and the court sentenced him to imprisonment for one year.

The gist of the claimed error, which he preserved for review and presents here, is that there was no sufficient evidence to connect him with the conduct of the lottery. He admitted that he had formerly operated the place in which the lottery was conducted, but claimed that it had been five or six years since he had done so. His daughter undertook to assume responsibility for the operation. Under date of "9–2, 1952," he had signed U.S. Treasury Department Form 11–C, an application to accept wagers covering a wagering business, giving his address as Box 622, Lake City, Florida. For 1953 he had filed an income tax return listing the same address, showing his principal business activity as "Retail-Cafe-Pool Room" operated under the name of "Gurley's Place," 311 East Railroad Street, Lake City, Columbia, Flor-

1. 26 U.S.C.A., I.R.C.1939, Sections 3285–3298, and Section 2707(c).

ida. He had made similar income tax returns for 1954 and 1955. There is no dispute that the place in which the officers found a lottery operating was known as "Gurley's Place" and was in the 300 block of Railroad Street in Lake City, Florida. The appellant was not in the place when the officers witnessed the wagering. However, when they returned with a search warrant, he was outside near the front of the place; the search warrant was read to and served on him, and he told the officers, "Go ahead, as far as I am concerned" and "search around." Taking the view most favorable to the Government, the verdict of the jury was supported by substantial evidence and must therefore be sustained. Glasser v. United States, 1941, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Lloyd v. United States, 5 Cir., 1955, 226 F.2d 9, 13, 14.

Affirmed.